UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **John Parker**,<br><br>　　　　Plaintiff,<br><br>v.<br><br>**Gibraltar Custom Builders, LLC**, an Ohio Limited Liability Company, and **Brett A. Black**,<br><br>　　　　Defendants. | No.<br><br>**COMPLAINT** |

Plaintiff, John Parker ("Plaintiff"), sues the Defendants, Gibraltar Custom Builders, LLC and Brett A. Black (collectively "Defendants") and alleges as follows:

**PRELIMINARY STATEMENT**

1.　　This is an action for unpaid wages, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.; Ohio Revised Code Ann. ("ORC") § 4111.01; and ORC § 4113.15 for Defendants' failure to pay Plaintiff all earned minimum wages, overtime wages, and all earned wages.

2.　　The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Barrentine v. Ark Best Freight Sys. Inc., 450 U.S. 728, 739 (1981).  Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40-hour workweeks.  See 29 U.S.C. § 206(a). Under the FLSA, employers must pay all non-exempt employees one and one-half their regular rate of pay for all hours worked in excess of 40 hours in a workweek.  See 29 U.S.C § 207.

3.　　ORC § 4111.01 establishes the law regarding minimum wage within the State of Ohio.

-1-

4. ORC § 4113.15 establishes the law regarding the payment of wages within the State of Ohio.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*. because this civil action arises under the Constitution and law of the United States. This Court also has subject matter jurisdiction pursuant 28 U.S.C. § 1367 because the state law claims asserted herein are so related to claims in this action over which this Court has subject matter jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the Southern District of Ohio, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

## PARTIES

7. At all material times, Plaintiff is an individual residing in Licking County, Ohio, and is a former employee of Defendants.

8. At all material times, Defendant Gibraltar Custom Builders, LLC. is a limited liability company licensed to transact business in the State of Ohio. At all material times, Defendant Gibraltar Custom Builders, LLC does business, has offices, and/or maintains agents for the transaction of its customary business in Licking County, Ohio.

9. At all material times, Defendant Columbus Compaction, LLC does business as "Gibraltar Custom Builders."

10. At all relevant times, Defendant Gibraltar Custom Builders, LLC was an employer under the FLSA. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendant Gibraltar Custom Builders, LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As a person who acted in the interest of Defendants in relation to the company's employees, Defendant Gibraltar Custom Builders, LLC is subject to liability under the FLSA.

11. Defendant Brett A. Black is an owner of Gibraltar Custom Builders, LLC and was at all relevant times Plaintiff's employer as defined by the FLSA, 29 U.S.C. § 203(d).

12. Under the FLSA, Defendant Brett A. Black is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. Defendant Brett A. Black is an owner of Gibraltar Custom Builders. At all relevant times, Defendant Brett A. Black had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As a person who acted in the interest of Defendants in relation to the company's employees, Defendant Brett A. Black is subject to individual liability under the FLSA.

13. At all material times, Defendant Gibraltar Custom Builders, LLC and Brett A. Black are Plaintiff's "employer" as defined by Ohio Revised Code § 4111, *et seq*.

14. At all material times, Defendant Gibraltar Custom Builders, LLC and Brett A. Black are Plaintiff's "employer" as defined by Ohio Revised Code § 4113, *et seq*.

15. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

16. Plaintiff, in his work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

17. At all relevant times, Plaintiff, in his work for Defendants, was engaged in commerce or the production of goods for commerce.

18. At all relevant times, Plaintiff, in his work for Defendants, was engaged in interstate commerce.

19. Plaintiff, in his work for Defendants, regularly handled goods produced or transported in interstate commerce.

**NATURE OF THE CLAIM**

20. Defendants own and/or operate as Gibraltar Custom Builders, an enterprise located in Licking County, Ohio.

21. Plaintiff was hired by Defendants and worked for Defendants as a lead carpenter from approximately February 2015 through approximately January 2021.

22. Defendants, in their sole discretion, agreed to compensate Plaintiff at a rate of $20.00 per hour.

23. Plaintiff typically worked between 40 and 45 hours per week for Defendants.

24. During the summer of 2020, Plaintiff worked approximately 80 hours per week for 3-4 weeks straight.

25. At all relevant times, in his work for Defendants, Plaintiff exclusively performed non-exempt, manual labor tasks for Defendants.

26. Rather than classify Plaintiff as an employee, Defendants classified him as an independent contractor.

27. Because Defendants misclassified Plaintiff as an independent contract, Defendants did not compensate Plaintiff one and one-half times his regular rate of pay for all hours worked in excess of 40 hours in a given workweek.

28. Despite Defendants having misclassified Plaintiff as an independent contractor, Plaintiff was actually an employee, as defined by the FLSA, 29 U.S.C. § 201, et seq.

29. Defendants controlled Plaintiff's schedules.

30. At all relevant times, Plaintiff was economically dependent on Defendants.

31. The following further demonstrate that Plaintiff was an employee:

   a. Defendants had the exclusive right to hire and fire Plaintiff;

   b. Defendants made the decision not to pay overtime to Plaintiff;

   c. Defendants supervised Plaintiff and subjected him to Defendants' rules;

   d. Plaintiff had no opportunity for profit or loss in the business;

   e. The services rendered by Plaintiff in his work for Defendants were integral to Defendants' business;

   f. Plaintiff was hired as a permanent employee;

   g. Plaintiff had no right to refuse work assigned to him by Defendants.

32. At all relevant times, Plaintiff generally worked in excess of 40 hours per week for Defendants.

33. At all relevant times, Defendants did not pay Plaintiff one and one-half times his regular rates of pay for time spent working in excess of 40 hours in a given workweek.

34. Rather than compensate Plaintiff at a rate of one and one-half times his regular rate of pay for all hours worked in excess of 40 hours in a given workweek, Defendants compensated Plaintiff his regular rate of pay for all hours worked.

35. Defendants classified Plaintiff as an independent contractor to avoid their obligation to pay Plaintiff one and one-half times his regular rate of pay for all hours worked in excess of 40 hours in a workweek.

36. As a result of Defendants' policy, Defendants failed to compensate Plaintiff at a rate of one and one-half times his regular rate of pay for all hours worked in excess of 40 hours in a workweek, in violation of the FLSA, 29 U.S.C. § 207(a).

37. As a result of Defendants' policy, Defendants failed to compensate Plaintiff at a rate of one and one-half times his regular rate of pay for all hours worked in excess of 40 hours in a workweek, in violation of the ORC § 4111.03.

38. As a result of Defendants' policy, Defendants failed to compensate Plaintiff wages owed, in violation of ORC § 4113.

39. As a result of Defendants' willful failure to compensate Plaintiff the applicable overtime rate for all hours worked in excess of 40 hours in a workweek, Defendants have violated 29 U.S.C. § 207(a).

40. As a result of Defendants' willful failure to compensate Plaintiff at least the applicable overtime wages for all hours worked in excess of 40 hours in a workweek, Defendants have violated ORC § 4111.

41. As a result of Defendants' willful failure to compensate Plaintiff all wages owed for all hours worked, Defendants have violated ORC § 4113.

42. Defendants have and continue to violate the FLSA by not paying Plaintiff at a rate of one and one-half times his regular rate of pay for all hours worked in excess of 40 hours in a workweek.

43. Defendants have and continue to violate ORC § 4111 by not paying Plaintiff one and one-half times his regular rate of pay for all hours worked in excess of 40 hours in a workweek.

44. Defendants have and continue to violate the ORC § 4113 by not paying Plaintiff all wages owed for all hours worked during his regular workweeks.

45. Plaintiff is a covered employee within the meaning of the FLSA.

46. Plaintiff is a covered employee within the meaning of ORC § 4111.

47. Plaintiff is a covered employee within the meaning of ORC § 4113.

48. Plaintiff was a non-exempt employee.

49. Defendants refused and/or failed to properly disclose to or apprise Plaintiff of his rights under the FLSA.

50. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

51. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

52. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, an additional amount equal to twice the unpaid

wages as liquidated damages, interest, and reasonable attorney's fees and costs of this action under §34(a) of Article II of the Ohio Constitution.

53. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, liquidated damages, interest, and attorneys' fees under ORC § 4113.

**COUNT ONE: FAIR LABOR STANDARDS ACT
FAILURE TO PAY OVERTIME**

54. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

55. Defendants willfully failed or refused to pay Plaintiff one and one-half times his regular rate of pay for all hours worked in excess of 40 hours in a workweek throughout the duration of his employment.

56. As a result, Defendants failed to compensate Plaintiff at least the applicable overtime wage for all hours worked.

57. Defendants' practice of willfully failing or refusing to pay Plaintiff at the required overtime wage rate violates the FLSA, 29 U.S.C. § 207(a).

58. Plaintiff is therefore entitled to compensation for the unpaid overtime wages at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, John Parker, individually, respectfully request that the Court grant relief in Plaintiff's favor, and against Defendants for compensation for unpaid overtime wages, plus an additional equal amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

## COUNT TWO: OHIO REVISED CODE § 4111.03
## FAILURE TO PAY OVERTIME

59. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

60. Defendants willfully failed or refused to pay Plaintiff at least one and one-half times his regular rate of pay for all hours worked in excess of 40 hours in a workweek.

61. Defendants' practice of willfully failing or refusing to pay Plaintiff at the required overtime rate violates ORC § 4111.03.

62. Plaintiff is therefore entitled to compensation for all unpaid overtime wages at an hourly rate, to be proven at trial, plus an additional amount equal to twice the unpaid wages as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, John Parker, individually, respectfully requests that the Court grant relief in Plaintiff's favor, and against Defendants for compensation for unpaid minimum wages, plus an additional amount equal to twice the unpaid minimum wages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

## COUNT THREE: OHIO REVISED CODE § 4113
## FAILURE TO PAY WAGES OWED

63. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

64. Defendants willfully failed or refused to pay Plaintiff all wages owed throughout his employment by failing to compensate Plaintiff at least one and one-half times his regular rate of pay for all hours worked in excess of 40 hours in a workweek.

65. Defendants' practice of willfully failing to pay Plaintiffs wages for labor performed violates ORC § 4113.

66. Plaintiff is therefore entitled to compensation for the full applicable unpaid wages at an hourly rate, to be proven at trial, plus an amount as liquidated damages, together with interest, costs, and reasonable attorney fees.

**WHEREFORE**, Plaintiff, John Parker, individually, respectfully requests that the Court grant relief in Plaintiff's favor, and against Defendants for compensation for unpaid wages, liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

RESPECTFULLY SUBMITTED this 8th day of February, 2021.

BENDAU & BENDAU PLLC

By: /s/ *Clifford P. Bendau, II*
Clifford P. Bendau, II (OH No. 0089601)
BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, Arizona 85060
Telephone AZ: (480) 382-5176
Email: cliffordbendau@bendaulaw.com


THE LAW OFFICES OF SIMON & SIMON

By: /s/ *James L. Simon*
James L. Simon (OH No. 0089483)
6000 Freedom Square Dr.
Independence, OH 44131
Telephone: (216) 525-8890
Facsimile: (216) 642-5814
Email: jameslsimonlaw@yahoo.com