UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

John Parker,

    Plaintiff,

    v.

Gibraltar Custom Builders, LLC,

    Defendant.

Case No. 2:21-cv-566

Judge Michael H. Watson

Magistrate Judge Vascura

## OPINION AND ORDER

Plaintiff and Defendant have settled Plaintiff's claims, which were brought under the Fair Labor Standards Act ("FLSA"), 42 U.S.C. § 206, *et seq.*, and under the Ohio Revised Code. Mot., ECF No. 14. The parties jointly move for leave to file their motion for approval of the FLSA claim and the settlement agreement under permanent seal. *Id.* The parties argue that confidentiality was a major part of the negotiations and a requirement under the settlement agreement. *Id.*

The Sixth Circuit has not specifically held whether settlements in FLSA cases can be filed under seal based simply on the parties' desire to keep the terms of the agreement confidential. The Sixth Circuit has, however, repeated the general principles that "[o]nly the most compelling reasons can justify non-disclosure of judicial records" and that "the greater the public interest in the litigation's subject matter, the greater the showing necessary to overcome the presumption of access." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mi.*, 825 F.3d 299, 305 (6th Cir. 2016).

Applying these principles to FLSA cases, courts have taken various approaches. This Court, however, has concluded that "the overwhelming majority of trial courts to

consider whether to approve confidential settlements in FLSA cases have held that there is a strong presumption in favor of public access to settlement agreements in these cases" and that "a confidentiality provision in an FLSA settlement agreement . . . contravenes the legislative purpose of the FLSA." *Zego v. Meridian-Henderson*, No. 2:15-cv-3098, 2016 WL 4449648, at *1 (S.D. Ohio Aug. 24, 2016) (internal quotation marks and citations omitted); *see also Macknight v. Boulder Healthcare, LLC*, No. 2:20-cv-4508, 2021 WL 391762, at *2 (S.D. Ohio Feb. 4, 2021); *Altier v. A Silver Lining LLC*, No. 2:17-cv-599, 2017 WL 10402564, at *2 (S.D. Ohio Nov. 15, 2017). Therefore, absent an extraordinary reason, FLSA settlement agreements should not be sealed. *E.g., Zego*, 2016 WL 4449648, at *1. The Undersigned agrees.

The sole reason submitted in support of sealing the motion and settlement agreement is that the settlement agreement contains a confidentiality provision. That is not alone sufficient to warrant sealing. The parties' joint motion is therefore **DENIED WITHOUT PREJUDICE** to the parties filing a properly supported motion to seal.

**IT IS SO ORDERED.**

_____
MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT